**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL R. FAGAN,

               Petitioner-Appellant,

    v.

RAY ROBERTS, and ATTORNEY
GENERAL OF KANSAS,

               Respondents-Appellees.

No. 12-3249

(D. of Kan.)

(D.C. No. 5:11-CV-03210-SAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Michael R. Fagan, a state inmate proceeding pro se, appeals from the district court's dismissal of his petition for a writ of habeas corpus. In 2000, Fagan was sentenced in Kansas state court to 120 months' imprisonment followed by 36 months' supervised release. During incarceration, Fagan earned 18 months of good time credit, and was released from prison after serving 102 months.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Pursuant to Kansas law, Fagan's good time credits were added to his term of postrelease supervision.

After serving 5 months of his term of supervised release, Fagan committed a second offense. He was convicted and sentenced to 16 months' imprisonment followed by 12 months of postrelease supervision. Fagan's supervised release on his original offense was also revoked. The Kansas Department of Corrections (KDOC) then calculated his total term of imprisonment as follows: it added his original 36 months of supervised release to his 18 months of good time credit, subtracted the 5 months he served on supervised release, and added his new 16-month term of imprisonment, for a total of 65 months' imprisonment and 12 months of supervised release.

Fagan filed a state petition for postconviction relief, arguing his sentence was incorrectly calculated because Kansas law prohibited the KDOC from running his old and new sentences consecutively and adding his good time credits to his original supervised release term. The state district court dismissed his petition, and the Kansas Court of Appeals affirmed. Fagan filed an untimely petition for review with the Kansas Supreme Court, which was rejected. Fagan claims this is because the Kansas Court of Appeals did not notify him of its decision until after the thirty-day deadline to file a petition for review had passed. He filed a petition seeking an exception to this deadline, but it was denied.

Fagan then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in federal district court. The district court dismissed Fagan's petition, finding it lacked jurisdiction to review his petition because he failed to exhaust his state remedies. *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citation omitted). As for Fagan's allegation that the Kansas Court of Appeals deliberately interfered with his ability to file a timely certiorari petition with the Kansas Supreme Court, the district court suggested he file a civil action under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The district court noted that even if Fagan's claims were not procedurally barred, they were meritless, as they depended entirely on an interpretation of Kansas law rejected by the courts of that state. Federal courts are bound by state court interpretations of state law, so the district court reasoned it could not second guess the Kansas Court of Appeals's resolution of the matter. *See House v. Hatch*, 527 F.3d 1010, 1028 (10th Cir. 2008). The district court dismissed Fagan's due process claim on the ground that he alleged only violations of state laws, not of the United States Constitution. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Finally, the district court dismissed Fagan's equal protection claim on the grounds that he did not raise it in state court, and even if he had, there was nothing in the record supporting his contention that another Kansas prisoner asserting the same arguments as him had obtained relief, while he had not.

Fagan now seeks a certificate of appealability (COA) from this court, having failed to request one from the district court. A prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2241 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1). Before granting a COA, we must conclude Fagan "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Fagan bears the burden of demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). Fagan does not meet this burden.

The arguments Fagan raises on appeal—that the Kansas Court of Appeals wrongfully withheld notice of its decision until the deadline to file a petition for review with the Kansas Supreme Court had passed, and that the Kansas Court of Appeals misinterpreted state law—are the same as those he raised before the district court. We agree with the district court's analysis of these arguments.

As for Fagan's due process argument, he fleshes this out on appeal by arguing Kansas law created a protected liberty interest by mandating that prisoners "shall" not serve a greater supervised release period than that imposed at sentencing. *See* K.S.A. § 22-3722.[1] Fagan's reliance on *Hewitt v. Helms*, 459

---

[1] After Fagan was sentenced, this provision was repealed and recodified at K.S.A. § 21-6821.

U.S. 460, 471–72 (1983), for the proposition that the use of mandatory language creates a protected liberty interest is unpersuasive, as *Hewitt* has been overruled in relevant part. *Sandin v. Conner*, 515 U.S. 472, 482–84 (1995). Following *Sandin*, states can create liberty interests protected by the due process clause only when the interest may be characterized as a "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. As the crux of Fagan's argument is still that the Kansas Court of Appeals misinterpreted state law, not that he is suffering an atypical or significant hardship in relation to the ordinary incidents of prison life, we agree with the district court's conclusion that this is not a constitutional question.

Because we conclude reasonable jurists would not debate whether the district court's resolution of Fagan's § 2241 petition was correct, we DENY his request for a COA.

We also DENY Fagan's motion to file an amended brief.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-5-